UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA D. AULT,**

**Plaintiff,**

**v.**                                                          **Case No: 6:14-cv-991-Orl-41TBS**

**HILTON GRAND VACATIONS**
**COMPANY, LLC,**

**Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended

Complaint (the "Motion to Dismiss," Doc. 14). Plaintiff, Joshua D. Ault, filed a Response in

Opposition (the "Response," Doc. 21). For the reasons set forth below, Defendant's Motion to

Dismiss will be denied.

### I.    BACKGROUND

Previously, Defendant employed Plaintiff as an Outbound Vacation Advisor in the

Outbound Sales Department where he sold vacation packages over the phone. (Am. Compl., Doc.

12, ¶¶ 8–9). In October 2011, a female named Dawn Masten ("Masten") was hired as Senior

Manager of the Outbound Sales Department. (*Id.* ¶ 10). The majority of the time Plaintiff worked

under Masten he was the only male sales employee on his team. (*Id.* ¶ 11). Plaintiff alleges Masten

subjected him to disparate treatment as compared to his female co-workers by consistently

referring to him as "Dawn's Mortgage" or "Mortgage" in front of his co-workers to suggest that

Plaintiff was a means for Masten to pay her mortgage. (*Id.* ¶¶ 12–13). Masten would also refer to

Plaintiff as "Prince Charming" in a demeaning way and would go out of her way to humiliate him

in front of his co-workers despite the fact that Plaintiff was a top producer and performed well in the office. (*Id.* ¶ 14). This type of treatment allegedly increased over time. (*Id.* ¶ 15). For example, after arriving at work in the morning, Masten would say "good morning" and greet all of Plaintiff's female co-workers yet would openly ignore Plaintiff. (*Id.*). This was allegedly so obvious that Plaintiff's co-workers brought this behavior to his attention. (*Id.*). Masten purportedly did not treat any of Plaintiff's female co-workers in this manner. (*Id.* ¶ 16).

On or about July 18, 2012, Plaintiff met with Defendant's Human Resources Director ("H.R. Director"), Tracy Chabot, to complain that he was being subjected to harassing and disparate treatment by Masten based on his gender. (*Id.* ¶ 17). Chabot informed Plaintiff that there would be an investigation and interview process and that everything he told her would be confidential. (*Id.*).

Approximately nine days later, Defendant suspended Plaintiff's employment. (*Id.* ¶ 18). In response to his suspension, Plaintiff sent an e-mail to a number of Defendant's managers informing them that he felt he was being discriminated against and that he had contacted the Equal Employment Opportunity Commission ("EEOC") to complain of such illegal discrimination. (*Id.* ¶ 20). On or about August 1, 2012, Defendant terminated Plaintiff's employment. (*Id.* ¶ 21). Plaintiff later learned that Defendant's basis for suspending and terminating Plaintiff was that he had violated Defendant's quality assurance policies by failing to inform a prospective client that their call was being recorded, which Plaintiff denies and alleges is false. (*Id.* ¶¶ 18, 22). Plaintiff further alleges that Defendant's basis for his suspension and termination was merely pretext because a number of female employees had failed to properly inform clients that their calls were being recorded, but they were not suspended or terminated based on this conduct. (*Id.* ¶¶ 19, 23).

Plaintiff's Amended Complaint alleges two Counts of retaliation—retaliation in violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a). Defendant moved to dismiss both Counts for failure to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a  light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260,  1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.   DISCUSSION

Defendant contends that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. In response, Plaintiff argues that the allegations in the Amended Complaint are sufficient to withstand a motion to dismiss.

Specifically, Plaintiff asserts that he has sufficiently pleaded that Defendant retaliated against him for engaging in protected speech in violation of the FCRA and Title VII.[1] "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)). To state a claim for retaliation under Title VII, the plaintiff must demonstrate that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the materially adverse action. *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212–13 (11th Cir. 2008).

#### A.   Basis for Plaintiff's Retaliation Claims

As an initial matter, the parties disagree as to what allegations form the basis of Plaintiff's retaliation claims. Defendant argues that the Court should disregard Plaintiff's e-mail to Defendant's managers and Plaintiff's termination because he did not include these allegations in his EEOC complaint and therefore failed to exhaust administrative remedies. In response, Plaintiff contends that he has met his burden of exhausting administrative remedies and that his EEOC

---

[1] "Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act[ ] because the Florida act was patterned after Title VII." *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Therefore, both claims are analyzed under the Title VII framework and discussed together.

Charge of Discrimination ("EEOC Charge") provided Defendant with sufficient notice that he was alleging retaliation.

Prior to filing a Title VII action, "a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). However, a Title VII action "may be based not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (quotation omitted). "Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quotation omitted). But "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." *Id.* (quotation omitted). Furthermore, "the scope of an EEOC complaint should not be strictly interpreted." *Gregory*, 355 F.3d at 1280 (quotation omitted).

Curiously, neither party has provided the EEOC Charge for the Court to reference. However, because at the motion to dismiss stage all factual allegations are to be construed in a light most favorable to the non-moving party, *United Techs. Corp.*, 556 F.3d at 1269, this Court can infer from the allegations in Plaintiff's Amended Complaint that Plaintiff's EEOC Charge contained allegations of gender discrimination and that he was suspended in retaliation for complaining of such discrimination. (*See* Am. Compl. ¶¶ 17–20). Based on these facts, a reasonable EEOC investigation would encompass a claim for retaliation, including Plaintiff's termination. Plaintiff has not set forth any new claims. Rather, Plaintiff has provided additional facts to support his original claim for retaliation based on his complaint of gender discrimination.

Accordingly, Plaintiff's additional allegations of retaliatory conduct, particularly Plaintiff's e-mail to Defendant's managers and his resulting termination, will not be barred from consideration on the ground that Plaintiff failed to exhaust administrative remedies.

### B.    Protected Activity

The parties also disagree as to whether Plaintiff engaged in a protected activity. Defendant argues, for the same reasons set forth above, that the Court can only consider Plaintiff's initial complaint to the H.R. Director, which Defendant contends does not constitute protected activity. As previously discussed, that argument is rejected. Instead, the Court must consider all of Plaintiff's alleged protected activity, including Plaintiff's filing of a charge with the EEOC.

Under Title VII's Participation Clause, an employer may not retaliate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The Participation Clause "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC." *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). "Statutorily protected expression includes filing complaints with the EEOC." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000).

Defendant entirely fails to address Plaintiff's argument that he engaged in a protected activity by filing an EEOC Charge. Thus, by pleading that he filed a complaint with the EEOC, Plaintiff sufficiently alleged that he engaged in a protected activity.[2]

---

[2] Defendant also asserts that Plaintiff's claims must be dismissed because he failed to demonstrate that he had an objectively reasonable belief that the conduct he complained of was unlawful; however, there is no such requirement for claims brought under the Participation Clause. *Booth v. Pasco Cnty.*, 829 F. Supp. 2d 1180, 1201 & n.19 (M. D. Fla. 2011) (citing *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998 (5th Cir. 1969) and noting that cases decided in the Fifth Circuit prior to the Eleventh Circuit's creation in 1981 are binding precedent in the Eleventh Circuit).

### C.      Materially Adverse Action

Defendant argues that Plaintiff failed to establish that he suffered a materially adverse action, in part because his termination should be disregarded by the Court and because the discriminatory conduct Plaintiff alleges does not rise to the level of materially adverse action. Plaintiff asserts that his termination falls within the broad scope of materially adverse actions which the antiretaliation provision of Title VII prohibits.

For a plaintiff to establish that he suffered a materially adverse action, the "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68 (quotation omitted). "[T]ermination would likely dissuade a reasonable worker from making a charge of discrimination." *Arean v. Cent. Fla. Invs., Inc.*, No. 8:10-cv-2244-T-33MAP, 2012 WL 1191651, at *8 (M.D. Fla. Apr. 10, 2012). Accordingly, termination of employment can constitute a materially adverse action. *Id.*; *see also Washington v. Sears Roebuck & Co.*, No. 6:10-cv-321-Orl-28DAB, 2011 WL 2610135, at *2 (M.D. Fla. July 1, 2011) ("The [materially adverse action] element is clearly met in this case because it is undisputed that Plaintiff's employment was terminated.").

The Court will consider Plaintiff's allegation that he was terminated; therefore, Plaintiff has sufficiently pleaded that he suffered a materially adverse action.

### D.      Causal Connection

In passing, Defendant also asserts that Plaintiff has failed to establish a causal connection between the protected activity and the materially adverse action. First, Defendant argues that it is unclear when Plaintiff was terminated in relation to when he engaged in protected activity. Second, Defendant contends that Plaintiff did not specify which individuals he e-mailed, and as a result, it

is unclear whether the particular individual who decided to terminate Plaintiff was aware that Plaintiff had engaged in a protected activity. In response, Plaintiff contends that he sufficiently pleaded that he e-mailed Defendant's managers before he was terminated and therefore established a causal connection.

To establish a causal connection between the protected activity and the materially adverse action, "a plaintiff need only show 'that the protected activity and the adverse action were not wholly unrelated.'" *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (quoting *Simmons v. Camden Cnty. Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985)). "A plaintiff satisfies [the causation] element if he provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (citing *Clover*, 176 F.3d at 1354). Additionally, "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action [may serve] as sufficient evidence of causality to establish a prima facie case," however, "the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (quotation omitted); *see also Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986) (holding that the short period of time—one month—between the plaintiff's filing of a discrimination complaint with the EEOC and the plaintiff's discharge "belies any assertion by the defendant that the plaintiff failed to prove causation").

Although Plaintiff did not provide the date he e-mailed Defendant's managers or who specifically he e-mailed, he alleges that "[i]n response to his suspension Plaintiff sent an e-mail to a number of Defendant's managers that he felt he was being discriminated against and that, as a result, he had contacted the EEOC with a complaint of such illegal discrimination." (Am. Compl.

¶ 20). The following paragraph of Plaintiff's Amended Complaint alleges that he was terminated. Taking all inferences in favor of Plaintiff, these allegations are sufficient to infer that Plaintiff was terminated after he filed his EEOC Charge and e-mailed Defendant's managers, and therefore, that Defendant was aware that Plaintiff had engaged in a protected activity when Defendant terminated Plaintiff. Additionally, only a few days lapsed between Plaintiff filing an EEOC Charge and his termination. After Plaintiff's employment was suspended on or about July 27, 2012, he filed his EEOC Charge, subsequently e-mailed Defendant's managers informing them of the Charge, and was terminated shortly thereafter on or about August 1, 2012. Accordingly, Plaintiff has pleaded sufficient facts to allege that there was a close temporal proximity between the time Plaintiff filed an EEOC Charge, informed Defendant of such, and was terminated. Thus, Plaintiff has sufficiently pleaded that there was a causal connection.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 14), filed January 5, 2015, is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record